IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61583-CIV-MOORE

DEBORAH D. PEREZ-NUNEZ,

    Plaintiff,

v.

NORTH BROWARD HOSPITAL DISTRICT d/b/a
BROWARD HEALTH,

    Defendant.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE

THIS CAUSE came before the Court upon Plaintiff's Motion to Strike Defendant's First, Sixth, Eighth, Twelfth Affirmative Defenses, Claims for Attorneys' Fees, and Reservation of Rights Clause (dkt # 31). A Response (dkt # 34) and Reply (dkt # 35) were also filed.

UPON CONSIDERATION of the Motion, Response, Reply, pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

According to Federal Rule of Civil Procedure 12(f) a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f), however, "are disfavored, and several courts have characterized such motions as time wasters." Holtzman v. B/E Aerospace, Inc., No. 07-80551, 2008 WL 2225668, at *1 (S.D. Fla. May 29, 2008) (internal quotation marks omitted). Accordingly, courts generally deny such motions "unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v. Consol. Constr. Servs. of SW Fla., Inc., No. 2:07-CV-123, 2007 WL 4181910, at *1 (M.D.

Fla. Nov. 26, 2007). Furthermore,

> [a]ffirmative defenses are subject to the general pleading requirements of Fed. R. Civ. P. 8(a), which generally requir[es] only a short and plain statement of the defense asserted. While an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken. However, . . . if an affirmative defense is valid as a matter of law, district courts may strike the technically deficient affirmative defense without prejudice, and grant the defendant leave to replead the stricken defense.

Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (footnotes and internal quotation marks omitted) (alteration in Microsoft); see also Fusion Capital Fund II, LLC v. Millenium Holding Group, Inc., No. 07 C 4543, 2008 WL 719247, at *1-2 (N.D. Ill. Mar. 14, 2008).

Defendant's First Affirmative Defense states, "Plaintiff is barred from recovery on the Complaint because the Complaint fails to state a claim upon which relief can be granted under the FLSA and/or Florida Constitution." (Def.'s Answer 4 (dkt # 25).) Plaintiff fails to demonstrate how this assertion has no possible relation to the controversy, confuses the issues, or causes prejudice to any of the parties. Furthermore, since Defendant's assertion is actually a denial rather than an affirmative defense, "the proper remedy is not to strike the claim, but instead to treat the claim as a . . . denial." Bluewater Trading LLC v. Willmar USA, Inc., No. 07-61284, 2008 WL 4179861, at *2 (S.D. Fla. Sept. 9, 2008); see also Premium Leisure, LLC v. Gulf Coast Spa Mfrs, Inc., No. 8:08-CV-1048-T-24, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008). In addition, "[w]hile the defense may be redundant in that it is akin to a general denial, there is no prejudicial harm to plaintiff." Saratoga Harness Racing, Inc. v. Veneglia, No. 94-CV-1400, 1997 WL 135946, at *7 (N.D.N.Y. Mar. 18, 1997) (internal quotation marks omitted). Therefore, the Court will treat the First Affirmative Defense as a denial and not strike

it.

Defendant's Sixth Affirmative Defense states, "Plaintiff's claims are barred from recovery, in whole or in part, by the equitable doctrines of waiver, estoppel and/or laches." (Def.'s Answer 5.) The doctrines of waiver, estoppel and laches are generally not applicable to FLSA claims, and Defendant has provided no factual basis whatsoever to support their application here.[1] See Ayers, 2007 WL 4181910, at *1-2 ("[T]he Court finds no basis to consider this case outside the general rule that an employee cannot waive her rights under the FLSA without supervision by the Secretary of Labor or the Court."). In addition, improperly pleading such defenses has the potential to confuse the issues and thereby prejudice the Plaintiff. Therefore, the Court strikes the Sixth Affirmative Defense.

Defendant's Eighth Affirmative Defense states, "Plaintiff is barred from recovery, in whole or in part, by the doctrines of payment, setoff and/or accord and satisfaction." (Def.'s Answer 5.) As with the Sixth Affirmative Defense, these doctrines are generally not applicable to FLSA claims, and Defendant has not pled any factual basis to support their application. See Hutton v. Grumpie's Pizza and Subs, Inc., No. 07-81228-CIV, 2008 WL 1995091, at *3 (S.D. Fla. May 7, 2008) (discussing availability of set-off defense in FLSA case). Accordingly, the Court strikes the Eighth Affirmative Defense.

Defendant's Twelfth Affirmative Defense states, "Plaintiff has failed to mitigate damages insomuch as Plaintiff did not earlier disclose to Broward Health any alleged violation so that the terms of Plaintiff's employment could be corrected, to the extent that they might need

---

[1] Defendant's conclusory reference to estoppel in the Sixth Affirmative Defense is also redundant. In the Seventh Affirmative Defense, which Plaintiff has not challenged, Defendant more clearly explains how the doctrine of estoppel could apply to this action. (Def.'s Answer 5.)

correction." (Def.'s Answer 6.) Since FLSA claimants are under no duty to mitigate damages, see Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005), this defense fails as a matter of law. Thus, the Court strikes the Twelfth Affirmative Defense.

Defendant's Answer also presents a claim for attorneys' fees. (Def.'s Answer 6-7.) Although the FLSA only provides for the award of attorneys' fees to prevailing plaintiffs, courts "have the inherent power to assess attorney's fees as a fine for the wilful disobedience of a court order, or when a losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985) (internal quotation marks omitted). While it is thus possible for a prevailing defendant in an FLSA case to obtain an award of attorneys' fees, Defendant's claim for attorneys' fees is not an affirmative defense. Should Defendant seek to pursue a claim for attorneys' fees or other sanctions, it must present such a claim as a separate motion. Accordingly, the Court strikes Defendant's request for attorneys' fees.

Defendant's reservation of rights states that Defendant "reserves the right to amend these defenses as discovery continues or the facts warrant." (Def.'s Answer 4.) While this purported reservation of rights is not prejudicial to any party, it will ultimately be for the Court to decide whether to grant leave for Defendant to amend its Answer. Therefore, the Court strikes the reservation of rights. Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike is GRANTED IN PART. Defendant's First Affirmative Defense is treated as a denial and is not stricken. Affirmative Defenses Six, Eight and Twelve are hereby STRICKEN WITHOUT PREJUDICE. Defendant is

granted leave, should it so desire, to amend the stricken affirmative defenses within twenty (20) days from the date this Order is entered. Defendant's claim for attorneys' fees and reservation of rights are hereby STRICKEN WITH PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of March, 2009.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record