IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61583-CIV-MOORE

DEBORAH D. PEREZ-NUNEZ,

    Plaintiff,

v.

NORTH BROWARD HOSPITAL DISTRICT d/b/a
BROWARD HEALTH,

    Defendant.

_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

THIS CAUSE came before the Court upon the Parties' Joint Stipulation of Voluntary Dismissal with Prejudice (dkt # 40) and Defendant's Notice to the Court (dkt # 44).

UPON CONSIDERATION of the Joint Stipulation, Notice to the Court, pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

On March 17, 2009, the Parties filed a Joint Stipulation of Voluntary Dismissal with Prejudice (dkt # 40), stating that "all claims set forth in this action between them shall be dismissed with prejudice, with each party bearing [its] own attorneys' fees and costs." On March 18, 2009, this Court entered an Order (dkt # 43) which noted that "[p]ursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA [Fair Labor Standards Act] may be settled only with approval of the Court or the Secretary of Labor." The Order instructed the Parties to file a copy of the settlement agreement and stated that "[i]f the Court approves the settlement, the Court will enter a final order of

dismissal with prejudice." In response to the Order, Defendant filed a Notice to the Court (dkt # 44) stating that "no settlement . . . has been reached," but rather Plaintiff has represented to Defendant "that she no longer desires to pursue this action." Defendant argued that since "there has been no settlement or resolution of claims under the [FLSA], there is no settlement or compromise for the Court to consider for fairness, as Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) only applies to 'compromises' of FLSA claims." (Def.'s Notice to the Court at 1.)

This Court rejects Defendant's position that a court need not approve the terms under which a plaintiff may dismiss an FLSA claim with prejudice. "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." Lynn's Food Stores, 679 F.2d at 1352 (internal quotation marks and citations omitted). As a result, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Id. at 1352. That is,

> [o]ther than a . . . payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

Id. at 1355.

Defendant contends that because Plaintiff would receive no compensation in return for dismissing her FLSA claim with prejudice, there is no settlement for the Court to approve. The logic of this argument, however, is somewhat backwards. FLSA settlement agreements reached

2

in the context of litigation and approved by a court are valid because the expectation is that the adversarial process will result in a fair and equitable compromise. See id. at 1354 ("[W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching."). Given a particularly dubious FLSA claim, it may be possible that a plaintiff's voluntary dismissal with prejudice in return for nothing is a fair and reasonable resolution of the dispute. Nothing, however, has been submitted by the Parties in this case to support such a conclusion here.

If the dismissal sought by the Parties were without prejudice, the Court would agree that approval would not be necessary, since Plaintiff would not be foreclosing her ability to vindicate any FLSA claim she may have by refiling at a later time. See Kerr v. Powerplay Arcade, Inc., No. 6:07-CV-1441-ORL-19KRS, 2007 WL 3307091, at *1 (M.D. Fla. Nov. 6, 2007) (concluding that where "case is being dismissed without prejudice, there will be no final adjudication on the merits" and no settlement or resolution of FLSA claims for the court to review for fairness). However, since the proposed dismissal would be with prejudice, and would thus preclude plaintiff from re-filing her FLSA claim, it cannot be granted without this Court's approval. Based on the foregoing, it is

ORDERED AND ADJUDGED that this case is DISMISSED WITHOUT PREJUDICE. The Parties may file a motion seeking dismissal with prejudice within ten days from the date this Order is entered. Any such motion should demonstrate why a dismissal with prejudice would be a fair and reasonable resolution of Plaintiff's FLSA claim. It is further

ORDERED AND ADJUDGED that all pending motions are DENIED AS MOOT. This

case remains CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of April, 2009.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record